IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Patricia J. White,                :

        Plaintiff,                 :

        v.                         :        Case No. 2:08-cv-1082

Worthington Industries, Inc.      :        MAGISTRATE JUDGE KEMP
Long Term Disability Income
Plan, et al.,                     :

        Defendants.                :


ORDER

    This case is before the Court to consider the plaintiff's
motion for leave to file an amended complaint.  The motion has
been fully briefed.  For the following reasons, the motion will
be granted.

I.

    This case arises under ERISA and involves the denial of
long-term disability benefits.  According to the initial
complaint, Ms. White worked for Worthington Industries, Inc. and
was a participant in its long-term disability plan administered
by defendant Unum.  Ms. White received disability payments for
approximately one year before being notified that she no longer
met the plan's definition of disabled.  Ms. White subsequently
received notice that, as part of a Regulatory Settlement
Agreement – a multistate settlement agreement entered into
between Unum, state insurance regulators, and the United States
Department of Labor – Unum had agreed to implement a claims
reassessment process.  Ms. White elected to participate in this
process but her claim was again denied.   Ms. White asserted two
causes of action in her first complaint – one seeking disability

benefits under the terms of the plan and one for equitable relief based on the defendants' alleged breach of their fiduciary obligations.

Ms. White seeks to amend her complaint to add an additional claim for breach of federal contract law arising from the Regulatory Settlement Agreement (RSA). The defendants oppose this amendment on grounds that the breach of contract claim is preempted under Sections 514(a) and 502(a) of ERISA. According to defendants, Ms. White is using the RSA to create an additional cause of action regarding the denial of her long term disability benefits outside of ERISA. Defendants assert, relying on Goldberg v. Unum Life Ins. Co. of America, 527 F.Supp.2d 164 (D.Me. 2007), that despite the manner in which this claim is pled, it should be considered a denial of benefits claim which arises solely from the terms of an ERISA plan. As such, defendants argue, Ms. White's proposed claim is subject to ERISA's expansive preemption scheme.

To the contrary, Ms. White contends that ERISA preemption does not apply to her proposed claim for two primary reasons. First, Ms. White argues that ERISA preemption applies only to state law claims not to claims based on federal contract law as she asserts here. Further, Ms. White asserts that the breach she alleges concerns Unum's failure to provide her with the full and fair review required by RSA and not just Unum's failure to reinstate her benefits as in the Goldberg case.

II.

Rule 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith

Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)).  See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982).  Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously.  General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).  The Court of Appeals has also

identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading.  They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. <u>Robinson v. Michigan Consolidated Gas Co</u>., 918 F.2d 579 (6th Cir. 1990); <u>Head v. Jellico Housing Authority</u>, 870 F.2d 1117 (6th Cir. 1989).  The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment.  <u>Id</u>.

### III.

Although not articulated as such, defendants' assertion that leave to amend should be denied because the claim is preempted by ERISA is an argument that leave to amend should be denied on grounds of futility.  At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested by way of a motion to dismiss.  "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." <u>Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989)</u>.  Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

Here, Ms. White has argued that her breach of contract claim relating to the RSA is not preempted by ERISA.  In response, the defendants rely on <u>Goldberg</u> - a district court case from another jurisdiction - as dispositive here.  While the <u>Goldberg</u> court

4

clearly found a claim based on a breach of the RSA to be
preempted, at least two district courts have granted leave to
amend to assert such a claim. In <u>Jones v. Unum Life Ins. Co. of
America</u>, 2006 WL 3462130 (E.D. Ark. Nov. 29, 2006), the court
found that the plaintiff had alleged a cognizable claim under
Arkansas law. In <u>Cherochak v. Unum Life Ins. Co. of America</u>, 586
F.Supp.2d 522 (D.S.C. 2008), the court acknowledged the <u>Goldberg</u>
decision but nevertheless allowed the amended complaint,
explaining that it could not hold such a claim frivolous without
the benefit of knowing what allegations the plaintiff intended to
add to his complaint. While neither of these cases addresses the
precise situation presented here, they do persuade the Court that
the issue is not as clearly settled, at least for purposes of the
motion to amend, as defendants contend. Under these
circumstances the Court finds it to be a better exercise of
discretion to permit the amendment. Consequently, the motion for
leave to amend will be granted with the understanding that
defendants may pursue their preemption defense by way of a motion
to dismiss.

<div align="center">IV.</div>

Based on the foregoing, the plaintiff's motion for leave to
file an amended complaint (#15) is granted. The Clerk shall
detach and file the amended complaint attached to the motion.

<div style="margin-left: 40%;">

/s/ Terence P. Kemp
United States Magistrate Judge

</div>